The judges took time to consider this case, and after-wards, on the adjournment day of July term, 1789, delivered their opinions.
Grimke, . J.
said he had been so much indisposed during the argument, as to have been unable to give the case the attention which it merited. He had, however, perused the opinion of Waties, J. and concurred with him, for the reasons he assigned.
Waties, J.
Personal estates may be limited over, as well as real estates, provided such limitation has not a tendency to create a perpetuity. Every thing, therefore, depends upon the remoteness of the contingency. In the present case, I am of opinion, that the limitation is good, being within those reasonable bounds which the policy of the law has prescribed. To my mind, there are two things for the consideration of the court. First, the intention of the testator ; and, secondly, whether the law will carry that intention into execution. As to the first point, it is very evident that the testator intended to benefit his own children, and that his estate should go to them in pi'eference to strangers; and that in case of the death of either of them, without issue, it should on that event go over to the survivor. As to the second point, 'whether the law will carry such intention into effect, I admit, that if the intention is not consistent with the rules of law, the court could not effectuate it. Moreover, that if there were no words in the will controlling the general words creating an estate-tail, the legal doctrine must prevail, and the property would vest in the first taker. And further, that the testator’s intention to control the general words must be express, or arise by strong implication. 2 Vez. 642. Having consented to and laid down these general positions, I proceed to examine the will. The will gives the negroes in question to Martha Thorpe, but upon the contingency of her leaving no children, (for the words “ heir of her body to a livef mean children? if they mean any thing,) then to the survivor. This term “ survivor” is a term of much import here. It carries with it the idea of the longest liver, provided the other sister should leave no children behind her; that is, none living at the time of her death, for if *88 she had left a child, that child, or those claiming under it9 must have taken. But as there was none living, then she who should survive, was the person to take. This, then, is not a limitation depending upon a remote, but a very limit» ed contingency. One which was to happen in a very short period, during the life of a person then living, and cannot be called a limitation, after an indefinite failure of issue, to a person not then in esse. One of the best rules for construing wills is that laid down in Doug. 327. to wit, “ If a testator makes use of legal phrases, or technical “ words only, the court is bound to understand them in the “ legal sense. They have no right to say that the testator “ did not understand them, or to put a construction on them “ different from what has long been received, or what is “ affixed to them by law. But if a testator use other words, • 4‘ which manifestly indicate what his intention was, and “ which shew that he did not mean what the technical “ words import, the intention must prevail, notwithstand- “ ing he has used technical words, in other parts of his “ will.” In the present case, it is true, that the words “ heir of her body” are mentioned; and if they stood alone, and unqualified by any other words, explanatory of the testator’s intention, they would create an estate-tail ; consequently, the limitation would be too remote. But the words “ to live,” immediately following the foregoing words “ heirs of her body,” shew that his idea was children living at her death : and the limitation over, upon, the contingency of her leaving no children, to the survivor is a sufficient description to the person he meant should take, so as to bring this case within the rules of law in support of the limitation. A devise to the survivor is of itself sufficient to support the limitation. Fearne, 338. The cases I rely on are 2 Fez. 642. 10 Mod. 403. Lamb and Archer’s case, in Salk. Cha. Rep. 170. Fearne, 363. and upon looking into them, and considering all the circumstances of this case, I am clearly of opinion, that the limitation over to Sarah, the surviving daughter, is a good one, and the plaintiffs ought to recover.
*89 Drayton, J»
observed, that this was a case of consider» able importance and difficulty. Great judges had entertained different opinions as to the doctrine of limitations over ; and he hoped this would be a sufficient apology when he was about to say, that he differed from his brethren in this case. From the best view he had been able to take of it, he. said, it struck him in a very different light to what it had done them. Two questions presented themselves to his mind. First, whether the limitation over was good or not ? Secondly, whether the survivorship was not restricted to the dying without issue, and under twenty-one years of age ? The law, he observed, was clear, that a limitation of a chattel over after an indefinite failure of issue, was void. He conceded at the same time, that in the present case, the limitation over did not appear to be too remote. For although the general words in the will, appeared to be after an indefinite failure of issue; yet the subsequent controlling words restricted them, and made it a good limitation. On this point he agreed with his colleagues j but on the second point, he differed from them entirely. He conceived the words here, shewed that the testator intended the survivor should only take, in case of a dying without issue, generally, or under twenty-one years of age. This would appear by an examination of the clause which relates to the son. In that clause the estate was to be at the-son’s disposal, at the age of twenty-one, and not before. So with regard to the daughters, the same rule of construction ought to be given ; that the negroes were to be at their disposal at the age of twenty-one, and not before ; and if either of them died before that time, without issue, then to go over to the survivor. But Martha arrived to the age of twenty-one years and upwards, and, therefore, the contingency could not happen. The right of survivorship was done away on her coming of age, and marriage; of course, the property vested in Norris, in right of his wife. The authorities he remarked and relied on, were Stringer and *90 Philips, í Eq. Cas. Ab¡% 292. Rose and Hill, 3 Burr. 1885'. Hawes and Hawes, 1 Wils. 16o. 3 Bac. 438.
The postea was, therefore, delivered to the plaintiffs.